UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| **Nathaniel Glenn, Jr.**, # 303563, | ) C/A No. 6:05-2928-GRA-WMC |
| Petitioner, | ) |
| vs. | ) **Report and Recommendation** |
| **State of South Carolina**; and<br>**Henry McMaster**, Attorney General of South Carolina, | ) |
| Respondents. | ) |

# *Background of this Case*

The petitioner is an inmate at the Perry Correctional Institution of the South Carolina Department of Corrections (SCDC). On July 13, 2004, in the Court of General Sessions for Greenville County, the petitioner was convicted, in a jury trial, of trafficking a narcotic drug, and was sentenced to twenty-seven (27) years in prison. The petitioner states that he directed his attorney to file a motion to dismiss the direct appeal because his trial counsel had filed no objections. The petitioner's answers to Questions 10 and 11 reveal that he has not filed any other applications, petitions, or motions with respect to his conviction, except for a habeas corpus petition for immediate release,

1

which was filed in the original jurisdiction of the Supreme Court of South Carolina.

The petitioner raises four (4) grounds in the petition. Those grounds are: (A) violation of the Double Jeopardy Clause; (B) ineffective assistance of counsel; (C) lack of subject-matter jurisdiction because the petitioner had already been acquitted on federal charges; and (D) false evidence.

The petitioner's claims relating to double jeopardy are based on the petitioner's acquittal on a federal drug trafficking charge in Criminal No. 6:02-1358-4 on January 30, 2004 (judgment of acquittal formally entered on February 9, 2004). The petitioner was indicted on March 13, 2004, for a state drug trafficking charge and was convicted on July 13, 2004, in the Court of General Sessions for Greenville County, for trafficking a narcotic.

# *Discussion*

Under established local procedure in this judicial district, a careful review has been made of the *pro se* petition pursuant to the procedural provisions of 28 U.S.C. § 1915 and the Anti-Terrorism and Effective Death Penalty Act of 1996. The review has been conducted in light of the following

precedents: Denton v. Hernandez, 504 U.S. 25, 118 L.Ed.2d 340, 112 S.Ct. 1728, 1992 U.S. LEXIS® 2689 (1992); Neitzke v. Williams, 490 U.S. 319, 324-325, 1989 U.S. LEXIS® 2231 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Maryland House of Correction, 64 F.3d 951, 1995 U.S.App. LEXIS® 26108 (4th Cir. 1995)(*en banc*), *cert. denied*, 64 U.S.L.W. 3623, 134 L.Ed.2d 219, 116 S.Ct. 1273 (1996); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983); and Boyce v. Alizaduh, 595 F.2d 948 (4th Cir. 1979).[1]  *Pro se* complaints and petitions are held to a less stringent standard than those drafted by attorneys, Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir.), *cert. denied*, Leeke v. Gordon, 439 U.S. 970 (1978), and a federal district court is charged with liberally construing a complaint or petition filed by a *pro se* litigant to allow the development of a potentially meritorious case.  *See* Hughes v. Rowe, 449 U.S. 5, 9 (1980); and Cruz v. Beto, 405 U.S. 319 (1972).  When a federal court is evaluating a *pro se* complaint or petition, the plaintiff's or petitioner's allegations are assumed to be true.  Fine v. City of New York, 529 F.2d 70, 74 (2nd Cir. 1975).  Even under this less stringent

---

[1] Boyce has been held by some authorities to have been abrogated in part, on other grounds, by Neitzke v. Williams, 490 U.S. 319 (1989)(insofar as Neitzke establishes that a complaint that fails to state a claim, under Federal Rule of Civil Procedure 12(b)(6), does not by definition merit *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2)(B)(i) [formerly 28 U.S.C. § 1915(d)], as "frivolous").

standard, the petition is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. Weller v. Department of Social Services, 901 F.2d 387, 1990 U.S.App. LEXIS® 6120 (4th Cir. 1990).

With respect to his convictions and sentence, the petitioner's sole federal remedies are a writ of habeas corpus under either 28 U.S.C. § 2254 or 28 U.S.C. § 2241, which remedies can be sought only after the petitioner has exhausted his state court remedies. "It is the rule in this country that assertions of error in criminal proceedings must first be raised in state court in order to form the basis for relief in habeas. Claims not so raised are considered defaulted." Beard v. Green, 523 U.S. 371, 375, 1998 U.S. LEXIS® 2465 (1998)(citing Wainwright v. Sykes, 433 U.S. 72 (1977)). *See also* 28 U.S.C. § 2254(b); Braden v. 30th Judicial Circuit Court, 410 U.S. 484, 490-491 (1973); Picard v. Connor, 404 U.S. 270 (1971); Schandelmeier v. Cunningham, 819 F.2d 52, 53 (3d Cir. 1986) (exhaustion required under § 2241).

This court's exhaustion requirements under § 2254 are fully set forth in Matthews v. Evatt, 105 F.3d 907, 1997 U.S.App. LEXIS® 1319 (4th Cir.), *cert. denied,* Matthews v. Moore, 522 U.S. 833, 1997 U.S. LEXIS® 4939 (1997):

> In the interest of giving state courts the first opportunity to consider alleged constitutional errors occurring in a defendant's state trial and sentencing, a § 2254 petitioner is required to "exhaust" all state court remedies before a federal district court can entertain his claims. Thus, a federal habeas court may consider only those issues which have been "fairly presented" to the state courts. . . .
>
> To satisfy the exhaustion requirement, a habeas petitioner must fairly present his claim to the state's highest court. The burden of proving that a claim has been exhausted lies with the petitioner.
>
> The exhaustion requirement, though not jurisdictional, is strictly enforced[.]

Matthews v. Evatt, 105 F.3d at 910-911 (citations omitted from quotation).

In any event, it is clear that the petitioner has not exhausted his state remedies. Exhaustion of state court remedies is required by 28 U.S.C. § 2254(b)(1)(A). The petitioner's "Habeas Corpus Writ upon Immediate Release" filed in the original jurisdiction of the Supreme Court of South Carolina does not satisfy the exhaustion requirement. From other cases filed in this court, it is known that the Supreme Court of South Carolina routinely denies such petitions on the basis of the holding in Key v. Currie, 305 S.C.

115, 406 S.E.2d 356, 1991 S.C. LEXIS® 165 (1991). In Key v. Currie, the Supreme Court of South Carolina indicated that "it will not entertain actions filed in its original jurisdiction where the matter can be entertained in the trial courts of this State." 406 S.E.2d at 357. Under Durkin v. Davis, 538 F.2d 1037, 1041-1042 (4th Cir. 1976), a petition filed in the original jurisdiction of a State's highest court does not satisfy the exhaustion requirement of 28 U.S.C. § 2254(b).

Although the petitioner's direct appeal in his criminal case was, apparently, dismissed because the issues were not preserved, the petitioner can file an application for post-conviction relief. *See* § 17-27-10, *et seq.*, South Carolina Code of Laws. In order to exhaust his or her non-direct appeal claims in state court, a South Carolina petitioner must file an application for relief under the South Carolina Uniform Post Conviction Procedure Act. The applicant may allege constitutional violations in a post-conviction proceeding but only if the issue could not have been raised by direct appeal. Gibson v. State, 329 S.C. 37, 41, 495 S.E.2d 426, 428, 1998 S.C. LEXIS® 6 (1998)(*citing* S.C. Code § 17-27-20(a)(1), (b); and Simmons v. State, 264 S.C. 417, 215 S.E.2d 883 (1975)). "Exhaustion includes filing of an application, the rendering of an order adjudicating the issues, and

petitioning for, or knowingly waiving, appellate review." Gibson v. State, supra, 329 S.C. at 42, 495 S.E.2d at 428. The Supreme Court of South Carolina has specifically stated: "[W]hen the claim has been presented to the Court of Appeals or the Supreme Court, and relief has been denied, the litigant shall be deemed to have exhausted all available state remedies." In Re Exhaustion of State Remedies in Criminal and Post-Conviction Relief Cases, 321 S.C. 563, 564, 471 S.E.2d 454 (1990); and State v. McKennedy, 348 S.C. 270, 559 S.E.2d 850, 2002 S.C. LEXIS® 26 (2002).[2]

In any event, it is clear that the petitioner has not exhausted his state remedies as to Ground B (ineffective assistance of counsel). With respect to his claims of ineffective assistance of counsel, the petitioner can file an application for post-conviction relief. *See* § 17-27-10, *et seq.*, South Carolina Code of Laws. Moreover, if a South Carolina prisoner's application for post-conviction relief is denied or dismissed by a Court of Common Pleas, he or

---

[2]Where a habeas petitioner has failed to exhaust his or her state remedies and the state court would now find his or her claims procedurally barred, further exhaustion is not required. *See* Coleman v. Thompson, 501 U.S. 722, 735 n. 1, 1991 U.S. LEXIS® 3640 (1991); Breard v. Pruett, 134 F.3d 615, 619, 1998 U.S.App. LEXIS® 892 (4th Cir. 1998). However, the federal court is precluded from hearing a procedurally defaulted claim unless the petitioner "'can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claim[ ] will result in a fundamental miscarriage of justice.'" Matthews v. Evatt, supra, 105 F.3d at 916 (quoting Coleman v. Thompson, supra, 501 U.S. at 750). This standard has been referred to as a "demanding burden." Townes v. Murray, 68 F.3d 840, 847, 1995 U.S.App. LEXIS® 30789 (4th Cir. 1995).

she can file an appeal in that post-conviction case. *See* § 17-27-100, South Carolina Code of Laws; and Knight v. State, 284 S.C. 138, 325 S.E.2d 535 (1985). The United States Court of Appeals for the Fourth Circuit has held that South Carolina's Uniform Post-Conviction Procedure Act, which is currently codified at § 17-27-10 *et seq.*, South Carolina Code of Laws, is also a viable state-court remedy. *See* Miller v. Harvey, 566 F.2d 879, 880-881 (4th Cir. 1977), *cert. denied*, 439 U.S. 838 (1978); and Patterson v. Leeke, 556 F.2d 1168, 1170-1173 (4th Cir.), *cert. denied*, 434 U.S. 929 (1977).

In an application for post-conviction relief, the petitioner can raise issues relating to ineffective assistance of counsel. *See* Strickland v. Washington, 466 U.S. 668, 686, 80 L.Ed.2d 674, 104 S.Ct. 2052 (1984); Brightman v. State, 336 S.C. 348, 520 S.E.2d 614, 1999 S.C. LEXIS® 164, 1999 WESTLAW® 642039 (1999); Davis v. State, 336 S.C. 329, 520 S.E.2d 801, 1999 S.C. LEXIS® 153, 1999 WESTLAW® 672669 (1999); Green v. State, 338 S.C. 428, 527 S.E.2d 98, 2000 S.C. LEXIS® 27 (2000)(affirming Court of Common Pleas determination that prisoner's trial counsel was ineffective in failing to object that prejudicial effect of prior convictions outweighed probative value); and Edmond v. State, 341 S.C. 340, 534 S.E.2d 682, 2000 S.C. LEXIS® 148 (2000)(counsel's failure to object to Assistant Solicitor's

comments in closing argument about defendant's invocation of right to counsel constituted ineffective assistance of counsel). Ineffective assistance of counsel may arise out of a guilty plea proceeding, James Harvey Jackson v. State, 342 S.C. 95, 535 S.E.2d 928, 2000 S.C. LEXIS® 180, 2000 WESTLAW® 1153392 (2000)(ineffective assistance may be shown where attorney wrongly advised petitioner that charge was a misdemeanor; charge was, in fact, a felony), or a jury trial, Dawkins v. State, 346 S.C. 151, 551 S.E.2d 260, 2001 S.C. LEXIS® 145 (2001)(post-conviction relief granted because of ineffective assistance of counsel arising out of attorney's failure to object to hearsay testimony, in trial for criminal sexual conduct, that designated petitioner as the perpetrator of sexual offenses). These types of issues are often raised in post-conviction cases in South Carolina. *See*, *e.g.*, Roberts v. State, 361 S.C.1, 2-6, 602 S.E.2d 768, 769-771, 2004 S.C. LEXIS® 218 (2004); Gene Tony Cooper, Jr. v. State, 351 S.C. 207, 569 S.E.2d 330, 2002 S.C. LEXIS® 136 (2002); Taylor v. State, 312 S.C. 179, 439 S.E.2d 820, 1993 S.C. LEXIS® 241 (1993); and Wilson v. State, 315 S.C. 158, 432 S.E.2d 477, 1993 S.C. LEXIS® 124 (1993).

In order to prevail on a claim of the ineffective assistance of counsel, a person in a habeas corpus or post-conviction proceeding must show: (1)

counsel's representation fell below an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. Strickland v. Washington, supra, 466 at 687-694. The second prong of the Strickland test is often called the "prejudice" component. *See also* Williams v. Taylor, 529 U.S. 362, 146 L.E.2d 389, 120 S.Ct. 1495, 2000 U.S. LEXIS® 2837 (2000).

A state court's finding on a claim of the ineffective assistance of counsel is a combination of a finding of fact and a conclusion of law. Although applicable precedents require this court, under 28 U.S.C. § 2254, to make its own determination of both the performance and (if necessary) the "prejudice" components highlighted in Strickland v. Washington, supra, the historical facts decided by a court of a state in a claim of ineffective assistance of counsel remain subject to deference. *See* Hoots v. Allsbrook, 785 F.2d 1214, 1219 & n. 6 (4th Cir. 1986)("old" § 2254(d) standard); Williams v. Taylor, supra (standard under Anti-Terrorism and Effective Death Penalty Act); and James v. Harrison, 389 F.3d 450, 452-457, 2004 U.S.App. LEXIS® 23962 (4th Cir. 2004)(applying Williams v. Taylor standard). Hence, with respect to the quality of his representation at trial and on direct appeal, findings of fact by a

South Carolina court are necessary before the petitioner can seek federal review of his conviction in a § 2254 proceeding.

Moreover, lack of jurisdiction can also be raised in an application for post-conviction relief.  See Weinhauer v. State, 334 S.C. 327, 513 S.E.2d 840, 1999 S.C. LEXIS® 53 (1999); and Campbell v. State, 342 S.C. 100, 535 S.E.2d 928, 2000 S.C. LEXIS® 182 (2000).  Since the petitioner raises lack of subject-matter jurisdiction by the Court of General Sessions as Ground C, he must file an application for post-conviction relief to exhaust this ground.

Applications for post-conviction relief are to be filed in the Court of Common Pleas for the county in which a South Carolina prisoner was convicted in a Court of General Sessions.  Hence, the petitioner can obtain post-conviction forms from the Clerk of Court for Greenville County (305 East North Street, Greenville, South Carolina 29601) or from the South Carolina Judicial Department website's Forms Section (www.scourts.org).  The petitioner should be mindful that the General Assembly has enacted limitations periods for post-conviction cases.  See 1995 S.C. Acts 7, which has been codified at Section 17-27-45, South Carolina Code of Laws:

> (A) An application for relief filed pursuant to this chapter must be filed within one year after the entry of a judgment of conviction or within one year after the sending of the remittitur to the lower court from an

> appeal or the filing of the final decision upon an appeal, whichever is later.
>
> (B) When a court whose decisions are binding upon the Supreme Court of this State or the Supreme Court of this State holds that the Constitution of the United States or the Constitution of South Carolina, or both, impose upon state criminal proceedings a substantive standard not previously recognized or a right not in existence at the time of the state court trial, and if the standard or right is intended to be applied retroactively, an application under this chapter may be filed not later than one year after the date on which the standard or right was determined to exist.
>
> (C) If the applicant contends that there is evidence of material facts not previously presented and heard that requires vacation of the conviction or sentence, the application must be filed under this chapter within one year after the date of actual discovery of the facts by the applicant or after the date when the facts could have been ascertained by the exercise of reasonable diligence.

*See also* <u>Sutton v. State</u>, 361 S.C. 644, 606 S.E.2d 779, 2004 S.C. LEXIS® 285 (2004); <u>Peloquin v. State</u>, 321 S.C. 468, 469-470, 409 S.E.2d 606, 607, 1996 S.C. LEXIS® 57 (1996); and <u>Leamon v. State</u>, 363 S.C. 432, 611 S.E.2d 494, 2005 S.C. LEXIS® 97 (2005)(prisoner's incarceration in another jurisdiction does not toll limitations period of § 17-27-45).

As earlier stated, if a South Carolina prisoner's application for post-conviction relief is denied or dismissed by a Court of Common Pleas, he or

she can file an appeal in that post-conviction case. *See* § 17-27-100, South Carolina Code of Laws; and Knight v. State, supra. In fact, if a Court of Common Pleas denies the South Carolina prisoner's application for post-conviction relief or dismisses the application for post-conviction relief, a prisoner *must* seek appellate review by the Supreme Court of South Carolina[3] of that disposition from the Court of Common Pleas, or federal collateral review of the grounds raised in his or her application for post-conviction relief will be barred by a procedural default. *See* Whitley v. Bair, 802 F.2d 1487, 1500 & n. 27 (4th Cir. 1986), *cert. denied*, 480 U.S. 951 (1987); Mason v. Procunier, 748 F.2d 852, 853-854 (4th Cir. 1984), *cert. denied*, Mason v. Sielaff, 471 U.S. 1009 (1985); and Strader v. Allsbrook, 656 F.2d 67, 68 (4th Cir. 1981). Moreover, some South Carolina prisoners have been successful on such appeals in their post-conviction cases. *See*, *e.g.*, Vaughn v. State, 362 S.C. 163, 607 S.E.2d 72, 73-76, 2004 S.C. LEXIS® 296 (2004); and Stevens v. State, 365 S.C. 309, 617 S.E.2d 366, 2005 S.C. LEXIS® 221 (2005).

---

[3]The Supreme Court of South Carolina has amended South Carolina Appellate Rule (SCAR) 227 by adding subsection (l), which authorizes transfers of PCR certiorari petitions to the South Carolina Court of Appeals for disposition. *See* Supreme Court Order 2005-08 (effective May 1, 2005), Shearhouse Advanced Sheet # 19.

Since the petitioner has yet to exhaust two viable state court remedies — an application for post-conviction relief and, if necessary, an appeal in the post-conviction case, this court should not keep this habeas corpus case on its docket while the petitioner is exhausting his state court remedies. See Galloway v. Stephenson, 510 F. Supp. 840, 846 (M.D.N.C. 1981): "When state court remedies have not been exhausted, absent special circumstances, a federal habeas court may not retain the case on its docket, pending exhaustion, but should dismiss the petition." See also Pitchess v. Davis, 421 U.S. 482, 490 (1975); and Lawson v. Dixon, 3 F.3d 743, 749 n. 4, 1993 U.S.App. LEXIS® 21646 (4th Cir. 1993), *cert. denied*, 510 U.S. 1171, 127 L.Ed.2d 556, 114 S.Ct. 1208, 1994 U.S. LEXIS® 1917 (1994), where the United States Court of Appeals for the Fourth Circuit noted: "[E]xhaustion is not a jurisdictional requirement, but rather arises from interests of comity between the state and federal courts."

## *Recommendation*

Accordingly, it is recommended that the petition for writ of habeas corpus be dismissed *without prejudice* and *without requiring the respondents*

*to file a return.  See* Allen v. Perini, 424 F.2d 134, 141 (6th Cir.)(federal district courts have duty to screen habeas corpus petitions and eliminate burden placed on respondents caused by ordering an unnecessary answer or return), *cert. denied*, 400 U.S. 906 (1970); Toney v. Gammon, 79 F.3d 693, 697, 1996 U.S.App. LEXIS® 5804 (8th Cir. 1996)("However, a petition may be summarily dismissed if the record clearly indicates that the petitioner's claims are either barred from review or without merit."); Baker v. Marshall, 1995 U.S.Dist. LEXIS® 4614, *2-*3, 1995 WESTLAW® 150451 (N.D.Cal., March 31, 1995)("The District Court may enter an order for the summary dismissal of a habeas petition if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in this Court."); and the Anti-Terrorism and Effective Death Penalty Act of 1996.  The petitioner's attention is directed to the important notice on the next page.

October 19, 2005                    s/William M. Catoe
Greenville, South Carolina          United States Magistrate Judge

<u>Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation"</u>
<u>&</u>
# <u>The **Serious Consequences** of a Failure to Do So</u>

The petitioner is hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within **ten (10) days** of the date of service.  28 U.S.C. § 636 and Fed. R. Civ. P. 72(b).  The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail.  Fed. R. Civ. P. 6.  A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge.  *See* <u>Mathews v. Weber</u>, 423 U.S. 261, 270-271 (1976); and <u>Estrada v. Witkowski</u>, 816 F. Supp. 408, 410, 1993 U.S.Dist. LEXIS® 3411 (D.S.C. 1993).

During the ten-day period for filing objections, **but not thereafter**, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections.  **Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections.**  *See* <u>Keeler v. Pea</u>, 782 F. Supp. 42, 43-44, 1992 U.S.Dist. LEXIS® 8250 (D.S.C. 1992); and <u>Oliverson v. West Valley City</u>, 875 F. Supp. 1465, 1467, 1995 U.S.Dist. LEXIS® 776 (D.Utah 1995).  Failure to file specific, written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge.  *See* <u>United States v. Schronce</u>, 727 F.2d 91, 94 & n. 4 (4th Cir.), *cert. denied*, <u>Schronce v. United States</u>, 467 U.S. 1208 (1984); and <u>Wright v. Collins</u>, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985).  Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object.  In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues.  <u>Howard v. Secretary of HHS</u>, 932 F.2d 505, 508-509, 1991 U.S.App. LEXIS® 8487 (6th Cir. 1991).  *See also* <u>Praylow v. Martin</u>, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985).  In <u>Howard</u>, <u>supra</u>, the Court stated that general, non-specific objections are *not* sufficient:

> **A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object.  The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. \*\*\* This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act.  We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.**

*Accord* <u>Lockert v. Faulkner</u>, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> **Just as a complaint stating only 'I complain' states no claim, an objection stating only "I object" preserves no issue for review.  \*\*\*  A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.**

*See also* <u>Branch v. Martin</u>, 886 F.2d 1043, 1046, 1989 U.S.App. LEXIS® 15,084 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and <u>Goney v. Clark</u>, 749 F.2d 5, 6 n. 1 (3rd Cir. 1984)(*per curiam*)("plaintiff's objections lacked the specificity necessary to trigger de novo review").  **This notice, hereby, apprises the petitioner of the consequences of a failure to file specific, written objections.**  *See* <u>Wright v. Collins</u>, <u>supra</u>; and <u>Small v. Secretary of HHS</u>, 892 F.2d 15, 16, 1989 U.S.App. LEXIS® 19,302 (2nd Cir. 1989).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

**Larry W. Propes, Clerk**
**United States District Court**
**Post Office Box 10768**
**Greenville, South Carolina 29603**
